IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUALITY PRINTING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRAVELERS CASUALTY INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Defendant. )<br>)<br>_____ ) | Case No. 12-2033-JWL |

## MEMORANDUM AND ORDER

This action, removed from state court, presently comes before the Court on defendant's motion to dismiss (Doc. # 6). For the reasons set forth below, the Court **grants** the motion and dismisses the action.

By its petition, plaintiff brings a single claim against defendant for breach of contract. In support of that claim, plaintiff has alleged the following facts: Plaintiff, a print shop, contracted with defendant insurer for business property coverage up to $500,000. On October 25, 2010, water damage destroyed much of plaintiff's work product and other property, including many customer files. Each file contained a unique piece of film containing work product specific to that customer, including prior print jobs. Plaintiff used these films on a daily basis in its business. Plaintiff submitted a claim, and defendant valued the destroyed films at $292,000. Defendant, however,

"misclassified" the films as "valuable papers" instead of "business personal property, and paid plaintiff only the "valuable papers" limit of $25,000 for the films. Plaintiff alleges that the policy requires payment of the claim on the films as "business personal property" or that the policy is at least ambiguous as applied to the films. Plaintiff seeks the remaining $267,000 as damages, as well as its attorney fees pursuant to K.S.A. § 40-256.

Defendant now seeks dismissal of the petition for failure to state a claim, pursuant to Fed. R. Civ. 12(b)(6). The Court will dismiss a cause of action for failure to state a claim under Rule 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

In seeking dismissal of plaintiff's claim, defendant argues that it did not breach the insurance contract because the films were excluded from the business property coverage by the plain language of the contract.[1] The contract provided that defendant would pay for damage to "Covered Property," which was defined as "the type of

---

[1] Defendant has attached a copy of the pertinent insurance contract to its motion. In ruling on a motion to dismiss, "[i]n addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). There is no doubt that the insurance contract is central to plaintiff's claim, and plaintiff has not disputed the document's authenticity. Accordingly, the Court considers the contract in ruling on the motion to dismiss.

2

property described in this Paragraph A.1., and limited in Paragraph A.2." Paragraph A.1. included within the coverage "Business Personal Property located in or on the buildings described in the Declarations," including "Property owned by [plaintiff] and used in [its] business." Paragraph A.2., entitled "Property Not Covered," stated that "Covered Property" did not include "Valuable Papers and Records," among other items. "Valuable Papers and Records" was defined later in the policy as follows:

> **31.** **"Valuable Papers and Records"**
>    **a.** Means inscribed, printed or written:
>       **(1)** Documents;
>       **(2)** Manuscripts; or
>       **(3)** Records;
>       including abstracts, books, deeds, drawings, films, maps or mortgages; and
>    **b.** Does not mean "money" or "securities" or "Electronic Data Processing Data and Media".

"Covered Property" was insured to a limit of $500,000, while under a coverage extension, "Valuable Papers" was insured to a limit of $25,000. Defendant argues that by this language, films were expressly included within "Valuable Papers and Records," which are expressly excluded from "Covered Property" and which were subject to a $25,000 coverage limit.

Under Kansas[2] law, the construction of an insurance policy is a question of law for the Court. *See First Fin. Ins. Co. v. Bugg*, 265 Kan. 690, 694 (1998).

---

[2]In this case, involving a Kansas insured and the issue of coverage for property located in Kansas, the parties have applied Kansas law, and the Court sees no basis to apply any other state's substantive law.

3

> Policies must be construed according to the sense and meaning of the terms used, and if the language is clear and unambiguous, it must be taken in its plain, ordinary and popular sense. Similarly, courts should not strain to create an ambiguity where, in common sense, there is none. The test to determine whether an insurance contract is ambiguous is not what the insurer intends the language to mean, but what a reasonably prudent insured would understand the language to mean.

*Id.* (citations omitted). "To be ambiguous, a contract must contain provisions of language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language." *Brumley v. Lee*, 265 Kan. 810, 813 (1998).

Plaintiff argues that its films fell within the definition of "Business Personal Property," which was included within the items that fall within the "Covered Property" under the policy, and that the policy is therefore at least ambiguous with respect to coverage under the policy for damage to the films. The Court does not agree, however, that the policy is ambiguous. Plaintiff has not explained how the language excluding "Valuable Papers and Records" from coverage is subject to more than one reasonable interpretation. Nor has plaintiff argued that the films did not fall within the language of the "Valuable Papers and Records" exclusion. The Court concludes as a matter of law that the policy unambiguously excluded "Valuable Papers and Records" from the "Covered Property", and that "Valuable Papers and Records" unambiguously included all films. *See, e.g.*, *Heier v. Employers Fire Ins. Co.*, 1999 WL 429508, at *4 (N.D. Cal. June 18, 1999) (concluding that this same definition of "Valuable Papers and Records" exclusion is unambiguous); *Minnesota O&M Surgery, P.A. v. Charter Oak Fire Ins. Co.*,

2011 WL 2304164, at *2-3 (Minn. Ct. App. June 13, 2011) (affirming summary judgment for insurer based on this same "Valuable Papers and Records" exclusion, concluding as a matter of law that certain photographs, x-rays, and slides were "printed" and thus fell within the exclusion).

Accordingly, plaintiff has failed to state a plausible claim for relief in its petition, which is therefore dismissed.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss (Doc. # 6) is **granted**, and this action is hereby dismissed.

IT IS SO ORDERED.

Dated this 13th day of March, 2012, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3]In light of this ruling, the Court need not address defendant's alternative argument concerning plaintiff's claim for statutory attorney fees.