IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUALITY PRINTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-2033-JWL |
| ) | |
| TRAVELERS CASUALTY INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

By Memorandum and Order of March 13, 2012 (Doc. # 11), the Court dismissed this action by plaintiff for failure to state a claim. Plaintiff had alleged that defendant insurer should not have refused coverage for certain "films" that suffered water damage, and the Court held that "films" were unambiguously excluded from coverage by the terms of the insurance policy. Judgment was entered against plaintiff on the same day (Doc. # 12). This matter now comes before the Court on plaintiff's motion for reconsideration of that dismissal order pursuant to D. Kan. Rule 7.3(a) and Fed. R. Civ. P. 59(e) (Doc. # 13). The motion is **denied**.

In its motion, plaintiff does not argue that the Court erred in its ruling. Rather, plaintiff states that its counsel incorrectly described the damaged property as "films" in its petition (this case was removed from state court), and that such property is more

accurately described as "templates" or "forms", as set forth in a new affidavit from plaintiff's co-owner. Plaintiff thus requests that the Court essentially retract its order, based on this "new evidence" and to avoid "manifest injustice," and allow it to file a "corrected" complaint that accurately describes the damaged property. Thus, plaintiff does not really seek reconsideration of the Court's order of dismissal, but rather requests that the Court undo the final judgment, re-open the case, and grant it leave to file an amended complaint that states a viable cause of action.

The Tenth Circuit addressed the standard for such a request in *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084 (10th Cir. 2005). The court stated:

> This Court has repeatedly and unequivocally held that once judgment is entered, the filing of an amended complaint is not permissible until the judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b). Indeed, the rule is the same in our sister circuits.
>
> "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." 6 Wright & Miller, § 1489, at 694. "The fact that a party desiring to amend after judgment has been entered is obliged first to obtain relief from the judgment imposes some important restrictions on the ability to employ Rule 15(a)." *Id.*
>
> For example, a judgment generally will be set aside only to accommodate some new matter that could not have been asserted during the trial, which means that relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation. Furthermore, unlike the liberal amendment policy of Rule 15(a), a party moving under Rule 60(b) will be successful only if he first demonstrates that the judgment should be set aside for one of the six reasons specified in the rule.

*Id.*

> Moreover, even though Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires," this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed. It is undisputed that Tool Box could have asserted an as-applied challenge during the prejudgment merits proceedings, but chose not to do so. Courts have refused to allow a postjudgment amendment when, as here, the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave. In any event, the district court correctly ruled it could not consider Tool Box's Rule 15(a) motion to amend the complaint unless the judgment was first vacated.

*Id.* at 1087-88 (additional citations and internal quotations omitted).

Thus, before plaintiff may be granted leave to amend, it must justify relief from the final judgment under Rule 60(b). Rule 60(b)(2) allows for such relief because of newly discovered evidence that could not have been discovered previously with reasonable diligence. *See* Fed. R. Civ. P. 60(b)(2). In this case, plaintiff's "newly discovered evidence" is plaintiff's own statement that the damaged items were "forms" or "templates" and not "films". This evidence is not new, however, as plaintiff possessed (or could have possessed, with reasonable diligence) such knowledge at the time that it filed the suit. *See, e.g.*, *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (evidence was not "newly discovered" under Rule 60(b) because it was known or discoverable previously). Thus, plaintiff should have drafted its original petition based on that knowledge or, at the least, it should have filed an amended complaint once defendant moved to dismiss the case based on the petition's description of the property as "films". Thus, as the Tenth Circuit made clear in the case

quoted above, leave to amend is properly denied because plaintiff "had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave." *See Tool Box, Inc.*, 419 F.3d at 1088. No other reason justifying relief is apparent here. *See* Fed. R. Civ. P. 60(b)(6); *see also Beugler*, 490 F.3d at 1229 (relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances). Accordingly, plaintiff may not amend its claim at this time, and plaintiff's motion is therefore denied.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for reconsideration of the Court's dismissal order (Doc. # 13) is **denied**.

IT IS SO ORDERED.

Dated this 2nd day of July, 2012, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge